# MEMORANDUM DECISIONS

**I**

Ignacio ALCALA v. STATE. (No. 10920.) Court of Criminal Appeals of Texas. April 27, 1927. Appeal from District Court, Knox County; J. H. Milam, Judge. J. S. Kendall, of Munday, for appellant. Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. Conviction is for possessing equipment for the purpose of manufacturing intoxicating liquor; punishment being one year in the penitentiary. Appellant has filed in this court his personal affidavit, requesting that his appeal be dismissed, and in accordance therewith it is so ordered.

**2**

Jorge AMARO v. STATE. (No. 10863.) Court of Criminal Appeals of Texas. April 20, 1927. Appeal from Live Oak County Court, E. L. Riser, Judge. Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. The conviction is for unlawfully carrying a pistol; punishment fixed at a fine of $100. The record contains neither statement of facts nor bills of exceptions. The complaint and information sufficiently charge the offense. No error appearing, the judgment is affirmed.

**3**

Choate AVERY v. STATE. (No. 10852.) Court of Criminal Appeals of Texas. May 2, 1927. Appeal from District Court, Donley County; R. L. Templeton, Judge. Chas. H. Dean, Jr., of Clarendon, for appellant. Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Conviction of unlawful possession of intoxicating liquor for purposes of sale; punishment, three years in the penitentiary. The record is before us without any bills of exception or statement of facts. The indictment and the charge of the court seem to conform to the law. The judgment and sentence are in conformity therewith. No error appearing, the judgment will be affirmed.

**4**

Mrs. Clyde BELL v. STATE. (No. 10556.) Court of Criminal Appeals of Texas. March 30, 1927. Rehearing Denied May 18, 1927. Appeal from County Court at Law No. 1, Tarrant County; P. W. Seward, Judge. H. P. Shead and L. H. Evridge, both of Fort Worth, for appellant. Chas. L. Black, Robert M. Turpin, Same D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., all of Austin, for the State.

LATTIMORE, J. Conviction for violation of the medical practice act; punishment, a fine of

$100. Under the provisions of chapter 6, title 12, of our Penal Code, one is forbidden to practice medicine upon human beings in this state until he has filed, with the district clerk of the district of which he is a resident, his license to practice medicine, the means and method of obtaining which are prescribed by statute. In addition to the filing of his license, said practitioner must also file with said clerk an affidavit containing certain specified statutory requisites. Appellant was charged with a violation of this statute. The statement of facts is not approved by the trial court, and we find ourselves unable to appraise the complaints appearing in the various bills of exception relating to objections as to the admission or rejection of facts. There is a bill of exceptions complaining of the court's action in overruling appellant's motion to quash. We have carefully examined the information, and do not believe same open to the objection made. The pleader was attempting to state, and does state, though rather awkwardly, that appellant neither filed her license nor the affidavit required. We do not think it possible for appellant to have been misled. All the elements of the offense appear. The judgment will be affirmed.

### On Motion for Rehearing.

Appellant makes an earnest attempt to establish the fact that she was without fault in the matter of her failure to get the statement of facts approved by the trial court. No statement of the trial judge appears in the record in this connection, nor is there anything showing any reason why the approval of the trial court was not obtained. In examining this matter, our attention was attracted to the fact that the statement of facts was filed one day too late. The motion for new trial was overruled and notice of appeal given on June 5, 1926. The statement of facts appears to have been filed in the office of the clerk of the court below September 4, 1926. This filing was 91 days after notice of appeal. We are unable, in this condition of the record, to consider the statement of facts, and the motion for rehearing will be overruled.

MORROW, P. J., absent.

**5**